## Case No. 2,265.

### BYRD et al. v. BADGER.

[1 McAll. 263.][1]

Circuit Court, D. California. Jan. Term, 1858.

EXTRATERRITORIAL EFFECT OF DISCHARGE UNDER STATE INSOLVENT LAW.

1. Discharge under the insolvent law of a state cannot be pleaded in bar of an action on a foreign contract.

[Cited in Von Glahn v. Varrenne, Case No. 16,994.]

[See note at end of case.]

2. A, a citizen and resident of California, through his agent in Boston made a note to B, a citizen and resident of Massachusetts, payable in Boston: Held, that in such case, A could not plead his discharge in California under the insolvent law of that state, to an action brought by B in California.

[Cited in Kendall v. Badger, Case No. 7,691.]

[See note at end of case.]

[At law. Action by Byrd & Hall against W. G. Badger.]

A trial by jury was waived by the parties, and the case submitted to the court upon the law and facts, as disclosed by the pleadings.

W. W. Crane, for plaintiffs.

Crockett, Baldwin & Crittenden, for defendant.

McALLISTER, Circuit Judge. The pleadings in this case exhibit these facts: That plaintiffs are citizens of the state of New York, and were residents of the city of New York in September, 1856, where they have since resided, and still remain; that at the same date, the defendant was a citizen and resident of the state of California, where he still resides; that on the 1st day of September, 1856, the defendant. by his attorney,

---

[1] [Reported by Samuel H. Hempstead, Esq.]

[1] [Reported by Cutler McAllister, Esq.]

one E. Griffin, made and delivered to the plaintiffs his promissory note, payable eight months after date, to their order, for seven hundred and thirty-four dollars. The note was dated at Boston, where it was made, and where, by its terms, it was made payable. The answer of defendant sets up as a defense to the action, that since the maturing of said note the defendant had taken the benefit of the insolvent law of this state, which he pleads in discharge of the present action. The question is, does the fact pleaded constitute a bar to the action of plaintiffs? The plaintiffs were citizens and residents of the state of New York, and the defendant was a citizen and resident of the state of California, at the time of the making of the contract; and the note was a Massachusetts contract, dated and made payable in Boston.

The general rule is, that if the parties to a contract were, at the time it was made, citizens and residents of the sovereignty or state in which it was made, and it is to be performed or discharged under the law of that state, a discharge of the debtor in that state will bind the creditor, and bar his action in any other. The note sued on is not within the operation of the general rule; and being a foreign contract, and the parties not resident at the time it was made in the state where it was made, it comes within the operation of the principle that the insolvent law of a state operates intra-territorially, and cannot affect foreign and extra-territorial contracts. It is only necessary to refer to a few of the decisions to show the practical application of this principle. In Boyle v. Zacharie, 6 Pet. [31 U. S.] 635, the contracts sued on were made in New Orleans. The defendant being a resident of the state of Maryland, entered into the contracts by his agents in New Orleans, with the plaintiffs, who were residents of Louisiana. On an action brought against defendant in Maryland, it was held that the contracts were Louisiana contracts, and the discharge of defendant under the law of Maryland, constituted no defense to the action. In Cook v. Moffat, 5 How. [46 U. S.] 295, it was decided that notes drawn in and dated at Baltimore, but delivered in New York, in payment for goods purchased there, are payable in and to be governed by the laws of New York. The insolvent law of Maryland, it was said, could not discharge one of its own citizens from a contract made by him with citizens of another state. In Ogden v. Saunders, 12 Wheat. [25 U. S.] 255, Mr. Justice Washington, alluding to the case of McMillan v. McNiell, 4 Wheat. [17 U. S.] 209, says: "But I hold the principle to be well established, that a discharge under the bankrupt-laws of one government does not affect contracts made or to be executed under another, whether the law be prior or subsequent in the date to that of the contract; and this I take to be the only point really decided" in that case. In Farmers' & Mechanics' Bank v. Smith, 6 Wheat. [19 U. S.]

131, it is stated that an insolvent act which discharged the debtor from pre-existing contracts is void; and an act which operates on future contracts is inapplicable to a contract made in a different state, at whatever time it may have been entered into.

The court having had the case committed to it on the law and facts, finds the following facts: First. That the plaintiffs, at the time the contract sued on was made, were citizens and residents of the state of New York. Second. That the defendant, being at the time a citizen and resident of the state of California, by his attorney, one E. Griffin, made and delivered to the plaintiffs a promissory note of the following tenor: "$734. Boston, September 1, 1856. Eight months after date I promise to pay to the order of Byrd & Hall, seven hundred and thirty-four dollars and ten cents, value received, payable at office, 15 East Clinton street. W. G. Badger, by E. Griffin, Jr., Atty." Third. That subsequent to the making of said note, defendant obtained a discharge under the insolvent act of this state.

Wherefore the court finds, as a conclusion of law from the foregoing facts, there is due from the defendant to the plaintiffs the sum of seven hundred and thirty-four dollars, with costs of suit. And that the matters and things set forth in the answer of defendant, if true as they are shown and set forth, do not constitute a defense to this action.